THE BOARD OF PUBLIC EDUCATION OF WILMINGTON *v.* HIRAM D. GRIFFIN, COUNTY SUP'T OF FREE SCHOOLS FOR NEW CASTLE COUNTY.

*Construction of Statutes—Colored School Fund—Distribution of.*

By the terms of the statute passed May 13, 1891, the colored schools of the City of Wilmington are excluded from a share in the distribution of the State appropriation to colored schools.

(*New Castle, September, 1892.*)

AMICABLE ACTION on a case stated. (The facts appear in the opinion of the Court):

*Charles M. Curtis,* for plaintiff.

*H. H. Ward,* for defendant.

CULLEN, J.: In a case stated which has been made and argued at this term of court being that of the *Board of Education of Wilmington v. Hiram D. Griffith, County Superintendent of Free Schools for New Castle County,*—the question submitted is as to the construction of the provisions of the Act of Assembly passed at Dover the 13th of May, 1891.

The questions submitted to the Court and upon which we are asked to render a judgment are as follows :

(Here follows the case stated ; the closing paragraph of which is as follows) :

" If, upon the facts as stated, the Court shall be of the opinion that said plaintiff is entitled under law to the sum so demanded by it from said defendant, then the Court shall render judgment for the sum of five hundred and thirty-five dollars and twenty-five cents and the costs of this action in favor of said plaintiff and against said defendant, or make and render such other judgment or order as to the Court shall seem proper ; otherwise the Court shall order judgment to be entered for the defendant for the costs of this

action, or make and render such other judgment or order as to the Court shall seem proper."

The question thus submitted to the Court for decision occurs under Sec. 10, Chap. 66 of the Act passed May 13th, 1891.

It appears that in 1887 there was an appropriation made by the Legislature of the State of Delaware for colored schools, and according to the provisions of said Act passed in 1887, the money was to be apportioned, certain amounts being deducted, equally among the several schools of the different counties, so much to each county, to be apportioned pro rata among the several schools. Provision was made in this Act as to the distribution of the fund, and as to who was to receive it.

In 1891 the Legislature passed an Act entitled, " An Act to provide Free Text Books for the Free Schools of the State ;" and, under the provisions of this Act, they increased the amount from $6,000 to $9,000. Section 10 of the said Act, is as follows :

" The county superintendents shall have the entire management, control and supervision of the colored schools of this State. It shall be his duty, having due regard to the educational interests of colored children, to decide upon the location of colored schools, to appoint after a careful examination suitable teachers for the same and draw upon the county treasurer for the money due monthly for the running expenses of those schools. His authority over said colored schools shall extend over those now governed under special acts of incorporation, and to this end the said county superintendents shall appoint all teachers for the said colored schools and fix their salaries ; he shall draw from the county treasurer that portion of the State appropriation for colored schools belonging to the said incorporated schools and apply the same towards the payment of the salaries of the teachers of said schools in the same manner as in the payment of salaries of the teachers of other schools not incorporated. The appropriation provided for in ' An Act to Encourage the Education of Colored People ' passed at Dover, April 22, 1887, is hereby increased from the sum of $6,000 to the sum

of $9,000 per annum, the said sum of $9,000 to be distributed in the same proportion and under the same conditions as the six thousand dollars referred to in the Act above named."

This Act, therefore, does not destroy the Act of 1887; it is only supplementary or amendatory thereto, and provides that the $9,000 shall be distributed under the same conditions as the $6,000 referred to. That is to say, it shall be distributed in the same manner and form.

Then again; in Section 14 of the Act we find this language: "That none of the provisions of this Act shall apply to the City of Wilmington." According to the facts as set forth in the case stated, there are five colored schools in the City of Wilmington; there are twenty-one colored schools in the districts of this county outside of Wilmington,—making, in the whole, twenty-six. Under the law of 1887, of course the nine thousand dollars would have been apportioned pro rata among these twenty-six schools. The above section provides "That none of the provisions of this Act shall apply to the City of Wilmington;" therefore, the question presented here is, "Whether the five colored schools in the City of Wilmington are entitled to any part of that nine thousand dollars. It has been argued here, on the one side, that Section 14 ("That none of the provisions of this Act shall apply to the City of Wilmington") had no reference to the distribution of the funds, but that the provisions of the Act in Section 10 should apply just the same terms for a pro rata distribution as provided in the Act of 1887, and that it has reference to other matters that are spoken of in this Act, in regard to text books, etc.

This is a penal Act and it should be construed strictly. It is true that you may look at the general provisions of a statute in its construction, to arrive at the true import and meaning of the Legislature, and that you may go to the preamble; but whenever there are provisions and certain terms used which in themselves bear a certain legal meaning, then of course the Court are tied down to the strict terms of the statute. Therefore it comes down to this

question : How are you to construe Section 14, —" That none of the provisions of this Act shall apply to the City of Wilmington?" Now as to that, the other provisions that are embraced in this Act are not to be passed upon but only in relation to the distribution of this fund of $9,000 which is one of the provisions of this specific Act, and I may say the main provision.   Are the five colored schools of the City of Wilmington entitled to any portion of this $9,000 ?

The view that the Court take of this matter is that Section 14 is nothing more nor less than a proviso, that a fund is appropriated to a general purpose and that it is afterwards restricted in its operations, that certain portions of that are not applied to certain interests which are embraced in certain portions of the statute.   That is to say, they are restricted in the distribution of the whole amount to the country districts of New Castle County ; and it is the same as if the legislature had said, " Provided, that no funds that shall be appropriated to the free schools in the County of New Castle shall be appropriated to the five colored schools in the City of Wilmington."

Much has been said in the argument on the part of the plaintiff in this case as to why the Legislature saw fit to make this provision excluding the five colored schools in the City of Wilmington. We have nothing to do with that, nor do we think that that enters into the decision of this matter.   It comes down simply as to the distribution of this fund and whether it is to be distributed excluding those schools.   We think they are excluded by the express terms of the statute.   Therefore we order judgment to be entered for the defendant in this case for costs.